Roger B. Kaplan, Esq. (RK6985)
**GREENBERG TRAURIG, LLP**
200 Park Ave, P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900
*Attorneys for Defendant*
*Atlanta Underground, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WEST PALM BEACH HOTEL, L.L.C., Plaintiff, v. ATLANTA UNDERGROUND, LLC Defendant. | Civil Action No. ____________ **NOTICE OF REMOVAL** |

**TO:** Clerk of The Court
United States District Court
For The District of New Jersey

**PLEASE TAKE NOTICE** that defendant Atlanta Underground, LLC, by its undersigned attorneys, and with full reservation of all defenses, hereby files this Notice of Removal to this Court from the Superior Court of the State of New Jersey, Mercer County, Law Division, in which the state action described below is now pending. In support of removal to this Court, defendant states and alleges as follows:

1. On January 21, 2012, plaintiff West Palm Beach Hotel, LLC, filed a civil action against defendant Atlanta Underground, LLC, in the Superior Court of the State of New Jersey, Mercer County, Law Division, entitled: West Palm Beach Hotel, L.L.C. v. Atlanta Underground, LLC, Docket No. MER-L-159-14 (the "State Court Action"). As required by 28 U.S.C. §1446(a), all papers, including the Complaint for Declaratory Judgment, all process, pleadings, motions, and orders that have been filed or served in the State Court Action are attached to this Notice of Removal as Exhibits A through and F, as follows:

Exhibit A: Plaintiff's Complaint For Declaratory Judgment, filed on January 21, 2014, with State Court Case Information Statement and Track Assignment attached;

Exhibit B: State Court Civil Action Summons to Defendant Atlanta Underground, LLC, received on February 7, 2014;

Exhibit C: Plaintiff's State Court Notice of Motion To Proceed In A Summary Manner Pursuant to Rule 4:67 And For Entry of Declaratory Judgment with attached Certificate of Service, dated February 12, 2014, and Proposed Order And Final Judgment;

Exhibit D: Brief of Plaintiff West Palm Beach Hotel, L.L.C., In Support of Motion To Proceed Summarily And For the Issuance Of A Declaratory Judgment, dated February 12, 2014;

Exhibit E: Certification of Carey Tajfel, dated February 12, 2014, with attached Exhibit A;

Exhibit F: Certification of Philip Markowitz, dated February 12, 2014, with attached Exhibits A and B.

2. Other than the foregoing, no other papers, process, motions, pleadings or orders have been filed or served in the State Court Action.

**SUBJECT MATTER JURISDICTION**

3. Under 28 U.S.C. §1441(a), any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed to the District Court of the United States for the District and Division embracing the place where the state court action is pending. Under 28 U.S.C. §1332(a), a District Court has original jurisdiction of cases involving a controversy between citizens of different States and where the amount in controversy

exceeds $75,000, exclusive of interest and costs.

4. As set forth below, such subject matter jurisdiction exists in this case under 28 U.S.C. §1332(a) and, therefore, removal jurisdiction exists under 28 U.S.C. §1441, because complete diversity of citizenship exists between the plaintiff, a citizen of New Jersey, and defendant, a citizen of the District of Columbia and Georgia, and the total amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. For purposes of subject matter jurisdiction under 28 U.S.C. §1332(a), the citizenship of a limited liability company is the citizenship of each of its members. As set forth below, complete diversity of citizenship exists between plaintiff and defendant.

**A. Citizenship of Plaintiff**

6. Plaintiff West Palm Beach Hotel, L.L.C., is a Florida limited liability company with its principal place of business located at 399 Monmouth Street, East Windsor, New Jersey 08520.

7. Upon information and belief, at the time of the commencement of the State Court Action, and at all relevant times, Plaintiff's Members were, and presently are, all citizens of the State of New Jersey. Upon information and belief, at the time of the commencement of the State Court Action, and at all relevant times, no member of Plaintiff was a citizen of Georgia, Virginia, Connecticut or the District of Columbia.

8. Plaintiff West Palm Beach Hotel, L.L.C., is a citizen of the State of New Jersey for purposes of establishing diversity jurisdiction, and is not a citizen of Georgia or the District of Columbia.

**B. Citizenship of the Defendant**

9. Defendant Atlanta Underground, LLC, is a Delaware limited liability company

with its principal place of business located at 1101 30th Street, NW, Suite 500, Washington, DC 20007.

10. At the time of the commencement of the State Court Action, and at all relevant times, Defendant's Members were, and presently are, citizens of the State of Georgia, Virginia, Connecticut, and the District of Columbia. At the time of the commencement of the State Court Action, and at all relevant times, no member of Defendant was a citizen of New Jersey.

11. Defendant Atlanta Underground, LLC, is a citizen of the State of Georgia and the District of Columbia for purposes of establishing diversity jurisdiction, and is not a citizen of New Jersey.

**C. <u>Amount in Controversy</u>**

12. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

13. Plaintiff's Complaint for Declaratory Judgment in the State Court Action alleges that Plaintiff and Defendant were parties to a Letter of Intent ("LOI") dated November 3, 2013, pursuant to which the parties contemplated that Plaintiff would sell a hotel in West Palm Beach, Florida (the "Property") to Defendant for a purchase price of $13,750,000, and pursuant to which Plaintiff agreed to an exclusivity provision in the LOI.

14. Plaintiff further alleges that, after the execution of the LOI, while the parties were engaged in the negotiating the formal purchase and sale contract pursuant to which the Property would be sold by Plaintiff to Defendant, on January 12, 2014, Plaintiff informed Defendant that Plaintiff required a $500,000 increase in the purchase price to a price of $14,250,000.

15. Plaintiff further alleges that, in response, Defendant did not accept the increase in the purchase price required by plaintiff, and that defendant asserted that Plaintiff was obligated

to sell the Property to Defendant at the purchase price of $13,250,000 as specified in the LOI.

16. Plaintiff further alleges that Plaintiff then refused to proceed with the sale at the $13,750,000 purchase price and that, as a result, Defendant claims that Plaintiff is in breach of the LOI by refusing to sell the Property to Defendant unless Defendant agreed to the increased purchase price, and that Defendant further claims that Plaintiff breached the LOI by violating the exclusivity provision of the LOI.

17. Plaintiff further alleges that it is entitled to a declaratory judgment declaring that Plaintiff has no obligation to sell the Property to Defendant and that Defendant has no enforceable rights in or against the Property.

18. Thus, the total amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, satisfying the jurisdictional minimum amount in controversy.

**VENUE IS PROPER IN THIS DISTRICT**

19. Under 28 U.S.C. §1441(a), any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed to the District Court of the United States for the District and Division embracing the place where the state court action is pending. The District of New Jersey is the United States District and Division embracing Mercer County, New Jersey. Therefore, venue of this removed action is proper in this District.

**TIMELINESS OF REMOVAL**

20. As noted above, the State Court Action was filed in the Superior Court of the State of New Jersey, Mercer County, Law Division, on January 21, 2014 (see Exhibit A, hereto).

21. The Summons (Exhibit B, hereto) and the Complaint in the State Court Action was first served on Defendant on February 7, 2014.

22. Accordingly, this Notice of Removal is filed within thirty (30) days after service of the Summons and Complaint on Defendant and, therefore, is timely filed under 28 U.S.C. §1446(b).

**RESERVATION OF DEFENSES AND RIGHTS**

23. As of the date of filing of this Notice of Removal, except as set forth in Paragraph 1, above, and Exhibits A through F, hereto, no further proceedings have been had in the State Court Action in the Superior Court of New Jersey, Mercer County, Law Division.

24. Defendant reserves all defenses including, without limitation, the defenses of improper or missing service and/or lack of personal jurisdiction.

25. Defendant reserves the right to amend or supplement this Notice of Removal.

**NOTICE**

26. As required by 28 U.S.C. §1446(d), defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court New Jersey, Mercer County, Law Division, where the State Court Action is currently pending.

Date: February 19, 2014

Respectfully submitted,

GREENBERG TRAURIG, LLP
200 Park Ave, P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900

By: Roger B. Kaplan
Roger B. Kaplan, Esq.
*Attorneys for Defendant*
*Atlanta Underground, LLC*



NJ 228015191v1