NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

WEST PALM BEACH HOTEL, L.L.C.,

               Plaintiff,

    v.

ATLANTA UNDERGROUND, L.L.C.,

              Defendant.

Civ. No. 14-1063

OPINION

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter is before the Court upon two pending motions: (1) Plaintiff's motion that the Court issue a declaratory judgment; and (2) Defendant's cross-motion for summary judgment. The Court has decided the matter upon consideration of the parties' written submissions and oral arguments. For the reasons set forth below, the Court denies Defendant's motion.

**BACKGROUND**

**a. Factual Background**

Plaintiff owns and operates a hotel located in West Palm Beach Florida (hereinafter, the "Property"). (Docket No. 10 at 3). Plaintiff is interested in selling the Property and has been exploring options for securing that result. (*Id.*). On or about November 3, 2013, the Frontier Development & Hospitality Group LLC (hereinafter, "Frontier") and the Plaintiff executed a Letter of Intent (hereinafter, the "LOI") with respect to the potential purchase of the Property by

Frontier.  The LOI included the following language relevant to Plaintiff's and Defendant's

motions:

> 2. Purchase Price. The Purchase Price **Thirteen Million Seven Hundred Fifty Thousand Dollars** ($13,750,000) and assumes that all FF&E leases (including instalment contracts), encumbrances and other debt will be paid off in full at or prior to Closing. The Property shall be delivered to Purchaser unencumbered by any Management Agreement.
>
> * * *
>
> 11. Exclusivity. In consideration of the substantial expenditure of time, effort and resources to be undertaken by Purchaser in consideration with the proposed transaction, upon execution of this letter by Seller, (a) Seller shall immediately cease, and shall cause its employees, agents, representatives and affiliates to immediately cease, all negotiations with any third persons or entities other than Purchaser with respect to any acquisition of the Property and (b) Seller shall refrain from and shall cause its employees, agents, representatives and affiliates to refrain from, directly or indirectly soliciting, discussing, negotiating, accepting or enter into any offer, agreement or arrangement with any third party other than Purchaser relating to any acquisition of the Property. Further, upon full execution of the Contract, Seller shall inform and shall cause its employees, agents, representatives and affiliates to inform all other third parties previously contracted regarding the Property of the existence of the Contract.
>
> * * *
>
> 13. Letter of Intent Only. Please understand that this letter is intended to be and only is an indication as to the basic terms of the proposed transaction and is not a binding agreement, and it is understood that if a binding Contract is not executed between the parties on or TDB date then in such event this letter shall be null and void and the undersigned shall be relieved from any obligations or liabilities in connection herewith except for the Brokers provisions of paragraph 10 and Confidentiality provisions of paragraph 12 of this letter, which shall be binding on the parties hereto. Both Seller and Purchaser agree to act in good faith and exercise due diligence in negotiating and executing the Contract.

(Docket No. 9, Ex. A).

On or about January 12, 2014, Plaintiff advised Defendant that Plaintiff would require the

purchase price to be increased by $500,000.  (Docket No. 10 at 3).  Defendant did not accept the

proposed increase in the purchase price.  (*Id*.).

**b. Procedural Background**

On January 21, 2014, Plaintiff filed a civil action against Defendant in the Superior Court

of New Jersey, Mercer County, Law Division requesting a judgment stating the following:

    a.  Declaring that the Letter of Intent dated November 3, 2013, signed by the
        parties in regard to a potential conveyance of the Property, is null and void;
    b.  Declaring that the Plaintiff has not obligation to convey the Property to the
        Defendant;
    c.  Declaring that Defendant has no enforceable rights in or against the Property;
    c.  [sic] Awarding the Plaintiff reasonable counsel fees and costs of suit; and
    d.  Providing any other relief this Court finds equitable and just.

(Docket No. 1, Ex. A).  On February 12, 2014, Plaintiff filed a motion in state court to proceed in

a summary manner pursuant to New Jersey <u>Rule</u> 4:67.  On February 19, 2014, Defendant

removed the matter to this Court.  This Court has subject matter jurisdiction under 28 U.S.C. §

1332(a).  On March 3, 2014, Defendant filed a cross-motion for summary judgment seeking

summary judgment on Defendant's claims for specific performance:

(i) requiring plaintiff to execute the final Contract for the sale of the Property at
the price of $13,750,000, pursuant to Paragraph 13 of the parties' Letter of Intent
("LOI") requiring plaintiff "to act in good faith and exercise due diligence in
negotiating and executing the final Contract";
(ii) requiring plaintiff to abide by the "exclusivity" provision in Paragraph 11 of
the LOI; and
(iii) requiring plaintiff to proceed with the Contract for sale of the Property to
defendant pursuant to and in accordance with the parties' negotiated and
completed agreement, at the price of $13,750,000.

(Docket No. 10).

## LEGAL STANDARD

On a motion for summary judgment, the moving party will prevail if it establishes that

there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87 (1986) (existence of a

factual dispute will not defeat summary judgment; rather, the dispute must be genuine and the

fact must be material); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A

question of fact is genuine only "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "[T]he plain language of Rule

56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at

trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

### a.  Controlling Law

The Court must determine whether the parties entered into a contract for the transfer of

land.  Choice of law questions involving contracts for the transfer of interest in land are governed

by the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 189, which states the following:

> The validity of a contract for the transfer of an interest in land and the rights
> created thereby are determined, in the absence of an effective choice of law by the
> parties, ***by the local law of the state where the land is situated unless***, with
> respect to the particular issue, some other state has a more significant relationship
> under the principles stated in § 6 to the transaction and the parties, in which event
> the local law of the other state will be applied.

(emphasis added).

Here, the Property is situated in Florida.  The parties' drafted purchase and sale

agreement also suggests it was the expectation of the parties that Florida law would control in

this matter.  (Docket No. 9, Ex. E, § 14.3)("This agreement shall be governed by the laws of the

State of Florida, without resort to the choice of law rules thereof.").  Accordingly, Florida law

controls in this matter.

b. **The Enforceability of the LOI**

Florida's Statute of Frauds provides that no person may bring an action "upon any contract for the sale of lands . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith." Fla. Stat. § 725.01.  To obtain specific performance of a contract for the sale of real property, the Statute of Frauds requires that the contract satisfy two conditions: (1) the contract must be a writing signed by the party against whom enforcement is sought, and (2) the writing must contain all of the essential terms of the sale and these terms may not be explained by resort to parol evidence.  *Rundel v. Gordon,* 111 So. 386 (Fl. 1927); *Cohodas v. Russell,* 289 So.2d 55 (Fla. 2d DCA 1974).

Therefore, under Florida law, Defendant cannot compel Plaintiff to convey the Property unless the LOI is sufficient to constitute a binding agreement between the parties containing all of the essential terms of the agreement.[1]

Under Florida Law, "[i]t is well established . . . that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract, and where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds."  *Central Properties, Inc. v. Robbinson,* 450 So.2d 277, 280 (Fla. 1st DCA 1984).  The question of whether a meeting of the minds occurred and the parties intended to form a binding contract is determined by examining the language of the document in question and the surrounding circumstances.  *Midtown Realty, Inc. v. Hussain*, 712 So. 2d 1249, 1251-52 (Fla. Dist. Ct. App. 1998); 1 RICHARD A. LORD, WILLISTON ON CONTRACTS, § 4:8 at 306–07(4th ed. 1990) ("[F]requently, where the parties contemplate a future written contract, it is obvious from their language or other surrounding circumstances that other matters, as to which

_____

[1] The LOI is the only signed agreement between the parties

no definite agreement has been reached, are expected to be included in the writing."); *see also*

*Irby v. Mem'l Healthcare Grp., Inc.*, 901 So. 2d 305, 306 (Fla. Dist. Ct. App. 2005) ("As a matter

of horn book law, specific performance of a contract will not be a right unless the agreement is

clearly established.  To be enforceable, an agreement must be sufficiently specific and reflect the

agreement by the parties to all essential terms."); *Teachers Ins. & Annuity Ass'n of Am. v.*

*Tribune Co.*, 670 F. Supp. 491, 499 (S.D.N.Y. 1987) ("There is a strong presumption against

finding binding obligation in agreements which include open terms, call for future approvals and

expressly anticipate future preparation and execution of contract documents.").

> Here, the LOI contained the following language:

> Letter of Intent Only. ***Please understand that this letter is intended to be and only is an indication as to the basic terms of the proposed transaction and is not a binding agreement***, and it is understood that if a binding Contract is not executed between the parties on or TDB date then in such event this letter shall be null and void and the undersigned shall be relieved from any obligations or liabilities in connection herewith except for the Brokers provisions of paragraph 10 and Confidentiality provisions of paragraph 12 of this letter, which shall be binding on the parties hereto. Both Seller and Purchaser agree to act in good faith and exercise due diligence in negotiating and executing the Contract.

(Docket No. 9, Ex. A)(emphasis added).  The LOI clearly states that the LOI "is not a binding

agreement."  (*Id*.).  Defendant argues the LOI contained all of the essential terms of the contract

and that the parties intended to be bound by it; however, this position is directly contradicted by

the language of the LOI.  (*Id*.).

Accordingly, Plaintiff is not obligated to convey the Property to the Defendant at the price set

forth in the parties' LOI.

V.  CONCLUSION

For the foregoing reasons, Defendant's motion is denied.  An appropriate order will

follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: 4/2/14